**JEFFREY D. BARTOLINO**
**LAW OFFICES OF JEFFREY D. BARTOLINO**
**Bank of America Building**
**33 North Stone Avenue, Suite 1800**
**Tucson, Arizona 85701**
**(520) 884-8877**
**State Bar No: 003532**
**PCC3072**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATE OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) Case No.: CR11-0794-RCC-CRP |
| vs. | )<br>) MOTION FOR ADDITIONAL<br>) DISCOVERY; REQUEST FOR |
| MELISSA SISNEROS, | ) IMMEDIATE CASE HEARING<br>) |
| Defendant. | )<br>) |

It is expected that excludable delay under 18 U.S.C. §3161(h)(1)(F), will occur as a result of this motion or from an order based thereon.

Melissa Sisneros, through her attorney ask the court for production of the following information.

1. Designation by the government of the alleged victims of the scheme to defraud alleged in the indictment.

2. All documents or witnesses, documenting the transfer, assignment, or purchase of the original lenders right of collection against the borrower. This would include the terms of each transaction the purchase price, and the requirements of each purchaser that the loan was secure.

3. Names and addresses of all witnesses the government intends to call at trial. Disclosure of all statements and/or interviews given to government agents. All statements or actions of witnesses conduct relevant to this case. Delineation of this information by specific reference to bate stamped disclosure within the government's possession.

4. Brady material within possession of the government. This would include all material obtained from cooperating co-defendants in this case. It would also include information obtained from a "free talk" with the co-defendant, Mike Quiroz. Also, all information, documents records, etc. of all testifying co-defendants of real estate transactions that were entered into by each co-defendant from 2000 to 2008. All information, reports, records, indictments, civil prosecutions, forfeitures, and fines against any of the lenders, and their successors involved in this transaction. All records from original broker's files, including correspondence, emails, documents received by borrowers, and lenders, instructions given by lenders to broker concerning loan package, etc. A list of, and copies of all documents seized as a result of searches by federal agents of trash receptacles belonging to Melissa or Dino Sisneros.

5. A list of all exhibits the government intends to introduce along with reference to the bate stamp of this document in the government discovery. This would also include any documents relating to 404(b) acts the government intends to introduce.

The above requested information is essential to counsel's ability to properly represent Melissa Sisneros. The government has alleged a scheme to defraud, yet lists no intended victim of this scheme. Additionally, counsel does not have information of the "paper trail" from the original lender to the ultimate purchaser of the "paper" documenting the borrower's obligation. Counsel has no information of the practices of the ultimate lender of the "paper trail" as to whether a "reasonable man" would consider any alleged misrepresentations material. Additionally, counsel has reason to believe the government is aware of fraud by lenders all the way up the ladder which would make "factual discrepancies" immaterial. The government has levied heavy civil fines against major banks and lenders based upon fraud in selling what the lenders knew to be worthless securities.

A request for specific delineation of witnesses and documents, with references to bate stamped discovery is absolutely required. As counsel prepares he continually comes across information a co-counsel might have, but does not seem to be within

discovery given to him.  This is not a problem of any deceit by the government, but a result of the voluminous discovery.  The problem is further aggravation by the non-searchable format of the discovery.

Counsel is aware that Mike Quiroz participated in a free talk with the government. Counsel has reason to believe that Mr. Quiroz's free talk contains substantial Brady material.  It is believed that it would include the facts that misrepresentations in the documents presented to the lender were not instigated by Melissa Sisneros, and were not known by her.  The manipulation of "facts" was suggested by the lenders, not Melissa, nor even Dino Sisneros.  It is also believed that some of the documents submitted to the lenders were typed by Mr. Quiroz or other personnel in his office. Some were forged, or cut and pasted signatures used as part of the preparation of the lender's package.  For this reason, it is absolutely necessary to obtain the broker's files.

Counsel has filed a motion to suppress documents seized as a result of a search warrant served at the Residence of the Sisneros'.  Part of the motion to suppress is based upon illegal search and seizures of the Sisneros' trash.  The search resulted in the seizure of the documents that were used in support of probably cause.

The above documents are needed immediately in order to prepare for the motions filed, and in preparation for trial.  Based upon this, counsel asks for an expedited hearing on the discovery motions above.

DATED this 22nd day of November 2013.

   /s/ Jeffrey D. Bartolino

1 | Copy of the foregoing
2 | Delivered/Mailed this 22nd Day of November 2013, to:

United States Attorney's Office
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701