**JEFFREY D. BARTOLINO**
**LAW OFFICES OF JEFFREY D. BARTOLINO**
**Bank of America Building**
**33 North Stone Avenue, Suite 1800**
**Tucson, Arizona 85701**
**(520) 884-8877**
**State Bar No: 003532**
**PCC3072**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| Plaintiff, | ) Case No.: CR11-0794-RCC-CRP |
| vs. | ) MELISSA SISNEROS' RESPONSE TO GOVERNMENT'S REQUEST FOR |
| MELISSA SISNEROS, | ) STATUS CONFERENCE |
| Defendant. | ) |

It is expected that excludable delay under 18 U.S.C. §3161(h)(1)(F), will occur as a result of this motion or from an order based thereon.

The government in its most recent pleading attempts to resurrect an issue previously decided by this court. In Ms. Sisneros' previous pleading, it argued that both the November 25th notice of other act evidence, and the supplemental notice, filed on December 1st, 2013, gave counsel insufficient time to properly prepare a defense.

At the hearing of December 6th, both government pleadings were presented to the court. Counsel argued that both pleadings sought to justify introduction of other act evidence into this trial. This made investigation and adequate objection to this evidence impossible. The issue was that the government should not unload a "dump truck" of other evidence shortly before trial and place the defendants in a position of not being able to adequately investigate or contest their admissibility. The amount of possible

new evidence that the government wished to introduce was voluminous, was vague, and gave no details of each act's relevance to the charges alleged in the indictment.

Both sides had ample time to argue his or her respective positions. The court then ruled that in order to limit the prejudice, the government would be limited to four additional acts. (See; CR- 430) The government's argument that defense counsel should have known of this evidence was given short shrift.

Counsel, on June 4th, 2013, requested that the government give notice of any other act evidence it intended to introduce. (CR- 308)  NO RESPONSE BY THE GOVERNMENT WAS FILED. At the status conference of June 26th, 2013, counsel, again, raised the issue of notice of other act evidence being disclosed. The court directed the AUSA consult with counsel to make sure that notice of this would be timely made. A conference did not occur until August between defense counsel and the AUSA. No notice of other act evidence had been made at that time, and when this was brought to the attention of the AUSA, he promised immediate disclosure.

The government's argument that because the motion deadline was November 25th, that the Government's disclosure of other act evidence was timely is without merit. This proposed evidence should have been disclosed <u>six months</u> previous so that counsel could properly investigate those acts in order to file appropriate objections by November 25th. It is quite ironic that at the status conference of June 26th, 2013, the government objected to any continuance, and advised the court it wished to proceed to trial on the then trial date of September 10th. When did it expect to give notice to counsel of these other acts; on day before trial?

The AUSA now moves to rehear the previous ruling by arguing the relevance of the acts. The court's previous ruling was that late disclosure afforded defense counsel no opportunity to contest their admission. The AUSA is putting the cart before the

horse. Arguing the government's theory of relevancy does not address the issue decided previously by this court; fairness to the defendants.

Because Ms. Sisneros is named in seventeen of the eighteen counts alleged, counsel has been engaged in an extraordinarily difficult investigation and preparation for trial. With the evidence only from the transactions listed in the indictment, he will barely be prepared to adequately defend his client. Addition of other act evidence at this late date will make effective representation impossible.

For the reasons above, the government's motion to rehear the previous decision should be denied.

DATED this 23rd day of December 2013.

/s/ Jeffrey D. Bartolino

Copy of the foregoing
Delivered/Mailed this 23rd
Day of December 2013, to:

United States Attorney's Office
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701