**JEFFREY D. BARTOLINO**
**LAW OFFICES OF JEFFREY D. BARTOLINO**
**Bank of America Building**
**33 North Stone Avenue, Suite 1800**
**Tucson, Arizona 85701**
**(520) 884-8877**
**State Bar No: 003532**
**PCC3072**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No.: CR11-0794-RCC-CRP |
| | ) |
| vs. | ) MOTION IN LIMINE RE INTRODUCTION |
| | ) OF DOCUMENTS |
| MELISSA SISNEROS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

It is expected that excludable delay under 18 U.S.C. §3161(h)(1)(F), will occur as a result of this motion or from an order based thereon.

Melissa Sisneros is charged, along with other co-defendants, with conspiracy to commit wire fraud.  As part of the indictment, the government alleges that one of the purposes of this conspiracy was:

"To obtain mortgage loans by submitting fraudulent information to obtain cash back from the lender."  (Indictment, p. 5)

The disclosure materials provided by the government reveals a confusing assortment of documents that the government claims are fraudulent.  Some of these documents are allegedly in title files, but not in lender files.  There are also numerous loan applications contained in one or the other of these files, some signed, and some

-1-

not, without any indication of how they got into the files, and who placed them in these files.

The above scenario becomes more complicated because there is evidence that either the broker, Mike Quiroz, or his associates were placing false information in the loan applications without the knowledge of the borrower, forging signatures, and preparing letters of explanation, and other documents without the knowledge of the borrowers.  The government has determined some of these borrowers to be "victims" of this scene, and others "defendants".

What is missing in the government's case is a connection between the alleged fraudulent documents to the defendants, and especially to Ms. Sisneros.  We do not know how these documents got into the various files, and if in the files, if they were made known to the borrowers.  It is clear that many of the government's witness claim no knowledge of documents in their own loan file, and in many cases, claim that signatures on the fraudulent documents were forged.

The government attempts to distinguish the "innocent victims" of the fraudulent conduct of the broker, Mike Quiroz, from the defendants by alleging that the agreement of the coconspirators was to falsify loan applications in order to further its scheme.  Putting aside counsel's contention that Mike Quiroz was only one of the multitude of brokers providing false information at the direction or acquiescence of the lenders, the government must link up any purported fraudulent document to Ms. Sisneros.  This would include a showing of actual knowledge that a particular document was presented to the lender for purposes of obtaining a loan, or that Ms. Sisneros agreed with Mr. Quiroz to create these documents in order to defraud the lender.  Without either of the above, the government should not be allowed to introduce any alleged fraudulent documents as proof of fraud by Melissa Sisneros.

LAW:

In order to "connect up" a particular document proffered as evidence of the defendant's fraudulent intent, the government, as a minimal requirement, must show that the accused had knowledge of the document, and/or authorized its use for a fraudulent purpose. The only exception to this rule would be in conspiracy cases where it is proven that the accused entered into an agreement (conspiracy) to defraud another entity, and by this agreement authorized other coconspirators to fabricate, forge, or otherwise produce these false documents.

Introduction of documents offered as proof of the conspiracy cannot be admitted against an alleged coconspirator without proof of authorship United States v. Ordonez 733 F.2d 793 (9th Cir. 1983) (Documents found in defendant's house, without proof of authorship not admissible as coconspirator declaration); United States v. Garcia-Duarte, 718 F.2d 42 (2nd Cir. 1983)) (Drug records of alleged coconspirator held inadmissible)

A proper foundation for introduction of records of a defendant is either authorship of adoption of the contents of the document. United States v. Lai, 944 F.2d 1434 (9th Cir. 1991) (Insufficient foundation to support introduction of handwritten and computer summaries of drug transactions found in defendant's house; United States v. Mouzin, 785 F.2d 682 (9th Cir. 1986) (Documents present at coconspirator's residence did not constitute "adoption" of its contents to qualify as an admission.

In the present case the government, must lay a sufficient foundation prior to admitting any alleged "false documents" as proof of fraudulent conduct on behalf of Melissa Sisneros. This foundation would necessarily require knowledge of the document, and/or knowledge and authorization by Melissa to Mr. Quiroz to create these documents.

Counsel moves to preclude any proffered documents by the government that do not satisfy the above requirements.

DATED this 3rd day of January 2014.


_/s/ Jeffrey D. Bartolino_____

Copy of the foregoing
Delivered/Mailed this 3rd
Day of January 2014, to:

United States Attorney's Office
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701