IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Dino Sisneros, et al.,<br><br>　　　　　　　Defendants. | No. CR-11-00794-001-TUC-RCC<br><br>**ORDER** |

　　　Before the Court is Ms. Sisneros' Motion for Disclosure of Brady Material (Doc. 597), the government's response (Doc. 614) and Ms. Sisneros' reply (Doc. 618). The Court heard oral arguments on this matter on November 25, 2014.

　　　BACKGROUND

　　　This wire fraud case involves a "mortgage cash-back" scheme where the co-defendants are accused on providing false information on mortgage loan applications to secure loans.

　　　In her Motion, Ms. Sisneros provides factual arguments (in the form of news articles and language from civil proceedings where the U.S. government sued originating lenders) to demand that the government produce evidence it gathered in its civil suits against the originating lenders in this case. Specifically, Ms. Sisneros demands 1) "Due Diligence Records" of audits performed on the originating lenders, 2) "Information of Control Fraud by the Originating Lenders and Purchases in the Secondary Market," and 3) "Information on Agreements Between Originating Lenders and Purchasing Banks,

Including Letters of Credit and Pre-approved Loans Prior to Funding."

Ms. Sisneros seeks the production of such evidence to further the defense that: 1) the information provided on the mortgage loan applications was not material to the decision to lend; 2) the accused did not partake in the scheme to defraud; 3) the alleged misstatements in the applications were made by the loan company staff; 4) the loan companies were participating in larger scheme to defraud secondary loan purchasers (to explain to jury why originating lenders would lend money to undesirable applicants).

The government opposes Ms. Sisneros' motion and argues that the disclosure Ms. Sisneros seeks is irrelevant to the charges in this case. Specifically, the government contends that: 1) the evidence Ms. Sisneros seeks is not material to a legal defense under Rule 16 of the Federal Rules of Criminal Procedure, 2) Ms. Sisneros' request is speculative, overly broad, unduly burdensome and does not contain any case-specific factual assertions and that 3) Ms. Sisneros confuses "materiality" with "reliance."

ANALYSIS

"To convict a person of wire fraud, the government must prove beyond a reasonable doubt that the accused (1) participated in a scheme with intent to defraud; and (2) used the wires to further the scheme." *United States v. Ciccone*, 219 F.3d 1078, 1083-84 (9th Cir. 2000) (*citing United States v. Bonanno*, 852 F.2d 434, 440 (9th Cir.1988); see also 18 U.S.C. § 1343). Further, the government must also prove beyond a reasonable doubt that the misrepresentation, falsehood or concealment of a fact in a scheme to defraud was material. *Neder v. United States*, 527 U.S. 1, 25 (1999)).

"In general, a false statement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." *Id.* at 16 (*citing United States v. Gaudin,* 515 U.S., 506, 509 (1995)). "'[C]apable of influencing' is an objective test, which looks at 'the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end.'" *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (*quoting United States v. Facchini*, 832 F.2d 1159, 1162 (9th Cir. 1987)).

In similar cases, other district courts in this circuit have not allowed such discovery requests. In *United States v. Lankford*, 2013 WL 2295988, a 2013 unpublished Eastern District of California case, the defendant similarly requested evidence of lenders' underwriting policies, employee commission incentives, marketing strategies of subprime loans, federal investigation of lender victims, lender victim investment strategies, fraud detection reports, underwriting models, and underwriting forms of various lenders. *Id.* at *1. The Court denied such discovery stating that, "whether the lenders marketed products, invested in certain ways, commission agents, delegated underwriting, or marketed products is irrelevant, and therefore not material, to the intrinsic capacity of the statement to influence." Id. at *3.

Further, this and other district courts have held that a "Defendant cannot rely on loose lending practices of the victim financial institutions as a defense to fraud." *United States v. Maximov*, 2011 WL 4915162 at *3 (Dist. Ariz. 2011) (unpublished); *United States v. Ovist*, 2013 WL 119674 at *2 (Dist. Ore. 2013) (unpublished) ("[T]he lenders' alleged misconduct regarding loan underwriting is irrelevant when determining whether Defendant made the alleged false statements with the intent to influence the lenders' decisions.").

In the present case the Court finds that Ms. Sisneros' Motion for Brady Material 1) amounts to a fishing expedition, 2) requests disclosure that is not material to the defense pursuant to Rule 16 of the Federal Rules of Civil Procedure, and 3) seeks information bearing on the reliance of the lenders on the false statements, and not the materiality of the specific statements made by the defendants in this case.

Whether the specific lenders would have funded the loans regardless of the alleged misrepresentations or were part of a larger fraudulent scheme does not matter—materiality in fraud cases is an objective test meaning the government need only prove that the false statement had the capability of influencing the lenders and that the defendants intended to make these false statements.

//

Accordingly,

**IT IS HEREBY ORDERED** denying Ms. Sisneros' Motion for Brady Material (Doc. 597).

Dated this 26th day of November, 2014.

Raner C. Collins
Chief United States District Judge